```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                            EASTERN DIVISION


JOHN MARTIN, et al.,              )
                                  )
               Plaintiffs,        )
                                  )
     v.                           )     No.  4:05CV591 FRB
                                  )
CITY OF ST. LOUIS, MISSOURI,      )
et al.,                           )
                                  )
               Defendants.        )
```

## ORDER

Presently pending before the Court is defendants' Motion to Dismiss Counts I, II, III, and VII of Plaintiffs' Complaint (filed April 13, 2005/Docket No. 4), and plaintiffs' Motion to Remand (filed May 18, 2005/Docket No. 10). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiffs John Martin, Taylor Poole and James Maulding originally brought this action in the Circuit Court of the City of St. Louis, Missouri, challenging their terminations/layoffs from their civil service positions at Lambert-St. Louis International Airport (Lambert). Defendants are the City of St. Louis, Missouri (City); individual members of the City's Civil Service Commission; Patrick Martocci, Appointing Authority at Lambert; and Leonard Griggs, Director of Lambert. Counts I through III of plaintiffs' Complaint seek judicial review of the adverse decision(s) of the Civil Service Commission under Mo. Rev. Stat. § 536.140 as contested

cases. Counts IV through VI seek mandamus relief under Mo. Rev. Stat. § 536.150 as non-contested cases. Count VII of the Complaint is brought under 42 U.S.C. § 1983 and alleges that defendants' actions violated plaintiffs' Fourteenth Amendment right to procedural due process. On April 13, 2005, defendants removed the matter to this Court, averring that plaintiffs' claims under 42 U.S.C. § 1983 trigger this Court's original federal subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343, thereby permitting removal to this Court under 28 U.S.C. §§ 1441, 1443.

In their Motion to Dismiss, defendants seek, <u>inter alia</u>, to dismiss Count VII of plaintiffs' Complaint arguing that this Court lacks subject matter jurisdiction over the § 1983 claims raised therein inasmuch as plaintiffs have failed to exhaust their administrative remedies. Plaintiffs seek to remand the matter to state court, likewise arguing that this Court lacks original subject matter jurisdiction. For the following reasons, the Court agrees that jurisdiction is lacking, and the matter should be remanded to state court for further proceedings.

A claim which asserts a deprivation of procedural due process is not ripe for adjudication under 42 U.S.C. § 1983 unless state administrative remedies with respect to such claim have been exhausted. <u>Wax 'n Works v. City of St. Paul</u>, 213 F.3d 1016, 1020 (8th Cir. 2000) (dicta) (citing <u>Taylor Investment, Ltd. v. Upper Darby Township</u>, 983 F.2d 1285, 1290 (3d Cir. 1993); <u>St. Clair v. City of Chico</u>, 880 F.2d 199, 201, 204 (9th Cir. 1989); 5A Wright & Miller,

Federal Practice & Procedure: Civil 2d §1350, at 195 (1990); 13A Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 2d § 3532.1, at 93 (1999 Supp.); Taylor Investment Ltd., 983 F.2d at 1293, 1293 n.14). As averred in defendants' Motion to Dismiss here and acknowledged by plaintiffs in their Motion to Remand, state administrative remedies with respect to plaintiffs' § 1983 claims have not been exhausted. As such, plaintiffs' § 1983 claims are not ripe for adjudication by this Court. Wax 'n Works, 213 F.3d at 1020.

Federal courts lack jurisdiction to determine matters which are not ripe for adjudication. Public Water Supply Dist. No. 10 of Cass County, Mo. v. City of Peculiar, Mo., 345 F.3d 570, 574 (8th Cir. 2003); Missouri Soybean Ass'n v. United States Envtl. Prot. Agency, 289 F.3d 509, 513 (8th Cir. 2002). The district court, therefore, is prevented from determining non-ripe claims on their merits, including dismissal of such claims for failure to state a claim. See generally Public Water Supply Dist. No. 10 of Cass County, Mo. v. City of Peculiar, Mo., 345 F.3d 570 (8th Cir. 2003).

Plaintiffs' claims here under § 1983 are not ripe for adjudication and this Court thus lacks jurisdiction over them.[1] Inasmuch as plaintiffs' § 1983 claims provided the only basis on which defendants invoked this Court's subject matter jurisdiction and jurisdiction over such claims is in fact lacking, it appears that the

---

[1] Indeed, as noted by defendants, "[u]ntil Plaintiffs' actions brought pursuant to Chapter 536, R.S. Mo. have been fully litigated, their procedural due process claims are not ripe for adjudication and subject jurisdiction is lacking." (Defts.' Memo. in Supp. of Mot. Dis., pp. 5-6.)

matter was improvidently removed to this Court. Cf. <u>County of St. Charles, Mo. v. Missouri Family Health Council</u>, 107 F.3d 682, 684 (8th Cir. 1997) ("Only actions which originally could have been filed in federal court may be removed there."). The cause should therefore be remanded to state court for further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Remand (Docket No. 10) is granted. Plaintiffs' request for attorney's fees and costs is denied.

**IT IS FURTHER ORDERED** that defendants' Motion to Dismiss Counts I, II, III, and VII of Plaintiffs' Complaint (Docket No. 4) is denied as moot and without prejudice.

**IT IS FURTHER ORDERED** that this cause is hereby remanded to the Circuit Court of the City of St. Louis, Missouri, for all further proceedings.

*[signature: Frederick R. Buckles]*
UNITED STATES MAGISTRATE JUDGE

Dated this  _14th_  day of June, 2005.